UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BARBARIN, CDCR #AL-9287,<br><br>                                    Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION; RAYMOND MADDEN, Warden; RALPH DIAZ, Secretary of CDCR; DOES 1-5,<br><br>                                    Defendants. | Case No.: 3:19-cv-01714-JAH-RBB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2) AND**<br>**28 U.S.C. § § 1915A(b)** |

Ricardo Barbarin ("Plaintiff"), proceeding *pro se*, is currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, and has filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), along with a certified Prison Certificate and copies of his CDCR Inmate Trust Account Statement Report (ECF Nos. 2, 3).

1

## I. IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.R. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce,* 136 S. Ct. at 629; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted certified copies of his CDCR

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Inmate Statement Report showing his trust account activity at the time of filing, as well as a Prison Certificate signed by a CEN Accounting Officer attesting as to his monthly balances and deposits. *See* ECF No. 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show that Plaintiff has had no money in his trust account for the 6-months preceding the filing of this action, and that he had a zero balance at the time of filing. *See* ECF No. 3; 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), but declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing," and ideally before the service of process upon any Defendant. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a

3

claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915[] is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

While the court "ha[s] an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

4

B. Plaintiff's Factual Allegations

Plaintiff's factual allegations are sparse. On January 24, 2019, Plaintiff "submitted a CDC 1046 application for family visiting." (Compl. at 1.) However, on February 7, 2019, his application was denied. (*See id.*) The CDCR amended a regulation requiring inmates "to sustain disciplinary free period of serious rule violations for ten years and participate in self-help groups such as anger management, narcotics and/or alcoholic anonymous programs" in order to participate in family overnight visitation. (*Id.* at 6.) Plaintiff seeks $1,000,000 in compensatory and punitive damages. (*Id.* at 9.)

C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). To prevail on a claim for the violation of constitutional rights under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) that a person acting under the color of state law committed the conduct at issue; and (2) that the conduct deprived the plaintiff of some right, privilege, or immunity conferred by the Constitution or the laws of the United States. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). A section 1983 suit may be dismissed for failure to state a claim "if the complaint is devoid of factual allegations that gave rise to a plausible inference of either element." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015).

D. Defendant CDCR

First, to the extent Plaintiff includes the CDCR as a named Defendant, his Complaint fails to state any claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. This entity is not a "person" subject to suit under § 1983. *See Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an

arm of the state, and thus, not a "person" within the meaning of § 1983).

E. <u>Equal Protection Claims</u>

The Fourteenth Amendment's Equal Protection Clause requires that persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439; *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, Plaintiff must allege that Defendants' actions were a result of his membership in a suspect class such as race, religion, or alienage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). Here, Plaintiff does not allege to be a member of any suspect class, and he fails to allege Defendants denied him family overnight visitation based on his membership in any suspect class.

To the extent his claims do not involve a suspect classification, Plaintiff may establish an equal protection claim only if he alleges facts sufficient to plausibly show Defendants intentionally treated similarly situated inmates differently without a rational basis for doing so. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). But to state an equal protection claim under this "class of one" theory, he must allege facts to plausibly show that: (1) he is a member of an identifiable class; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Nurre v. Whitehead*, 580 F.3d 1087, 1098 (9th Cir. 2009) (citing

*Village of Willowbrook*, 528 U.S. at 564). He must further allege discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano*, 345 F.3d at 1081-82; *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff offers no facts to suggest that he is a member of an identifiable class or that he was being treated differently from similarly situated inmates. Plaintiff fails to make clear how he was purportedly treated differently from other prisoners. Moreover, he fails to allege any facts from which the Court could conclude that Defendants policy of granting of visitation to inmates without disciplinary infractions lacks a rational or penological interest. Accordingly, Plaintiff has failed to state an equal protection claim.

### F. First Amendment claims

Plaintiff claims that Defendants are "willfully and knowingly prohibit Plaintiff free speech, intimate and expressive association with his wife." (*Compl*. at 9.) However, it is "well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits." *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) (citing *Kentucky Dep't of Corrs v. Thompson,* 490 U.S. 454, 460 (1989)). Therefore, the Court finds that Plaintiff has failed to state a First Amendment claim.

### G. Claims against Madden and Diaz

Plaintiff seeks to hold these Defendants liable in their supervisory positions. Plaintiff does not allege that any of these named Defendants were actually aware Plaintiff was denied family visitation. There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Rather, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A less stringent standard of fault for a failure-to-train claim 'would result in de facto respondeat superior liability on municipalities . . . .'"), quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

7

caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against these Defendants because he has failed to allege facts regarding what actions were taken or not taken by these Defendants which caused the alleged constitutional violations. *See Canton*, 489 U.S. at 385 ("*Respondeat* superior and vicarious liability will not attach under § 1983."), citing *Monell*, 436 U.S. at 694-95.

### H. Leave to Amend

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state any § 1983 claim upon which relief can be granted, and that it must be dismissed *sua sponte* and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because Plaintiff is proceeding *pro se*, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to garnish the $350 filing fee owed in this case by collecting monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in the account exceeds $10 pursuant

to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him thirty days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.

Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

5. The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: October 23, 2019

Hon. John A. Houston
United States District Judge