UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BARBARIN,<br>CDCR #AL-9287,<br><br>                          Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION; RAYMOND MADDEN, Warden; RALPH DIAZ, Secretary of CDCR; DOES 1-5,<br>                        Defendants. | Case No.: 3:19-cv-01714-JAH-RBB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |

## I.    Procedural History

On September 6, 2019, Ricardo Barbarin ("Plaintiff"), proceeding pro se, currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C.

1

1 | § 1915(a) (ECF No. 2), along with a certified Prison Certificate and copies of his CDCR Inmate Trust Account Statement Report (ECF Nos. 2, 3).

On October 24, 2019, the Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & 1915A. (ECF No. 5.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 8-9.) On November 12, 2019, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 6.)

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing," and ideally before the service of process upon any Defendant. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915[] is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. <u>Plaintiff's Factual Allegations</u>

Like his original Complaint, Plaintiff's factual allegations in his FAC are sparse. On January 24, 2019, Plaintiff "submitted a CDC 1046 application for family visiting." (FAC at 1.) The CDCR amended a regulation in 2019 which "impos[ed] a requirement of ten years disciplinary-free period of serious rules violation . . . for those inmates who have been convicted of a crime against a minor." (*Id.* at 4.) Plaintiff claims that his rights have been violated because he was denied the right to family visitation "for no other reason than plaintiff's crime of murder of a minor" while "all others who have been convicted of the crime of murder are allowed to have family visit." (*Id.* at 5.) Plaintiff seeks $100,000 in compensatory and $100,000 in punitive damages. (*Id.* at 6.)

3

C.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). To prevail on a claim for the violation of constitutional rights under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) that a person acting under the color of state law committed the conduct at issue; and (2) that the conduct deprived the plaintiff of some right, privilege, or immunity conferred by the Constitution or the laws of the United States. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). A section 1983 suit may be dismissed for failure to state a claim "if the complaint is devoid of factual allegations that gave rise to a plausible inference of either element." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015).

E.  Equal Protection Claims

The Fourteenth Amendment's Equal Protection Clause requires that persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439; *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, Plaintiff must allege that Defendants' actions were a result of his membership in a suspect class such as race, religion, or alienage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

4

Here, Plaintiff does not allege to be a member of any suspect class, and he fails to allege Defendants denied him family visitation based on his membership in any suspect class.

Instead, Plaintiff argues that inmates who were convicted of murder of adults are similarly situated to him, an inmate who was convicted of murder of a minor. (*See* FAC at 5.) Where no suspect class or fundamental right is implicated, equal protection claims are subject to a rational basis review. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012); *Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest."). In the prison context, the right to equal protection is viewed through a standard of reasonableness; that is, whether the actions of prison officials are "reasonably related to legitimate penological interests." *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Thus, to the extent Plaintiff claims he is being denied "equal treatment" because other prisoners who have also been convicted of murder are not subject to the same requirements to be eligible for family visitation, he fails to state an equal protection claim. This is because Plaintiff fails to adequately allege he is similarly situated to other inmates who have not been convicted of murder of a minor, and that there is no rational basis to treat other prisoners differently. "The Constitution permits qualitative differences in meting out punishments and there is no requirements that two persons convicted of the same offense receive identical sentences." *Williams v. Illinois*, 399 U.S. 235, 243 (1970). "Inmates are not entitled to identical treatment as other inmates merely because they are all inmates." *McQuery v. Blodgett*, 924 F.2d 829, 834–35 (9th Cir. 1991) (citing *Norvell v. Illinois*, 373 U.S. 420 (1963)). A mere demonstration of inequality is not enough to establish a violation of the equal protection clause. *Id.*

5

Accordingly, Plaintiff's Equal Protection claims are DISMISSED for failing to state a claim upon which relief may be granted.

### D. Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds that granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III. Conclusion and Orders

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. Section 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

Dated: January 22, 2020

Hon. John A. Houston
United States District Judge